**COMPLAINT FOR DECLARATORY JUDGMENT**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| VALERIA VILLAFRANCA,<br>    Plaintiff,<br><br>v.<br><br>MICHAEL R. POMPEO,<br>    United States Secretary of State,<br>    Defendant. | CIVIL ACTION<br>1: 19- cv - 173 |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Valeria Villafranca ("Ms. Villafranca") respectfully files this Complaint for Declaratory Judgment. Ms. Villafranca seeks review of an adverse agency action, specifically, the revocation of her United States passport, without giving her either notice or a prior opportunity to contest the allegation that she was not a United States citizen born in the United States, or a post-revocation hearing. The suit is brought under 28 U.S.C. §2201 (Declaratory Judgment Act) with 8 U.S.C. §1503(a) (denial of rights and privileges as a United States Citizen).

### I.  JURISDICTION AND VENUE

1. Jurisdiction lies under §2201 (Declaratory Judgment Act), with 8 U.S.C. §1503(a) (denial of rights and privileges as a United States Citizen).

2. Jurisdiction and venue are proper. Ms. Villafranca was born in Brownsville, Texas (Cameron County). Ms. Villafranca last entered the United States on June 14, 2019. At the port of entry she

was informed that her passport must be retained, but no reason was given.  She was allowed to enter.  Ms. Villafranca currently resides in Brownsville, Texas.

3.   Revoking Ms. Villafranca's United States Passport constitutes a denial of a privilege on the basis that she is not a "national of the United States," defined by 8 U.S.C. §1101(a)(22) to include "a citizen of the United States," and is cognizable under 8 U.S.C. §1503(a)**.**

4.   The agency's questions regarding Ms. Villafranca's status as a United States citizen did not arise by reason of, or in connection with a removal proceeding, nor is it an issue in any such proceeding to which she is a party.

## II.   THE PARTIES

5.   Plaintiff Valeria Villafranca is a United States Citizen.  She was born in Brownsville, Cameron County, Texas, in 1980.  She claims a residence, and currently resides in Brownsville, Texas, U.S.A.

6.   Defendant Michael R. Pompeo is the duly appointed Secretary of State of the United States.  He is sued in his official capacity only.

## III.   THE FACTS

7.   Ms. Villafranca was born in Brownsville, Texas in 1980.  Her birth was attended by the midwife, Enriqueta Gonzalez.  The birth was registered one week later. *See Exhibit A (sealed), Doc. 1.*

8.   Ms. Villafranca's parents, Esperanza Fraga and Martin Villafranca, are Mexican citizens. They were then residing near Tampico, Tamaulipas, Mexico.  Both parents had valid border crossing cards, which they used to enter the United States for the birth of their daughter.  *See Exhibit A (sealed), Doc. 2.*

9.   Shortly after her birth, Ms. Villafranca's parents took her back to Mexico, where they lived at

the time.  She was raised in Mexico.  *See Exhibit A (sealed), Doc. 3.*

10.   In order to register her in school and to assure her status as an heir, in August 1980, Ms. Villafranca's parents registered her birth in Mexico, sixteen days after her birth and registration in Texas.  The information they provided to the civil registrar was correct and in conformance with the Texas birth certificate, with the exception of the place of birth, which in 1980 could not reflect birth in the United States.  The information entered into the civil registry book was not correct.  The birth date was wrong.  The page is not signed by the parents or by the named witnesses.  There appear to be differences in the handwriting in different parts of the acta in the book. *See Exhibit A (sealed), Doc. 4.*

11.   In 2002, Ms. Villafranca was seeking admittance to a foreign exchange program through her university, and needed to travel.  An appointment to apply at the embassy for a U.S. passport was not available until after the deadline passes.  Foolishly, she applied for a border crossing card (B1/B2 visa) using her Mexican birth certificate, with the incorrect birth date.  The border crossing card was issued.  *See Exhibit A (sealed), Doc. 5.*

12.   In 2006, Ms. Villafranca applied for a U.S. passport, presenting required documents.  More information and documentation was requested and supplied.  A U.S. passport, good for the full ten years, was issued on 19 October 2010.  *See Exhibit A (sealed), Doc. 6.*

13.   In 2011, recognizing that the errors in her Mexican birth certificate needed to be corrected, Ms. Villafranca requested that her mother file suit on her behalf against the Civil Registry of the City of Madero to have the corrections effected.  On June 7, 2011, the court ordered that the birth certificate be amended to show the correct date and place of birth, and amendments were duly made in the book in the civil registry.  Subsequent Mexican documents reflect the correct date and place of birth.  *See*

*Exhibit A (sealed), Doc. 7.*

14. On April 4, 2019, Ms. Villafranca traveled to the United States on a Houston-McAllen flight. At customs, she presented her U.S. passport and entered. On June 14, 2019, Ms. Villafranca again traveled to the United States on a Houston-McAllen flight. She was stopped on arrival, told her U.S. passport needed to be retained, with no reason given, and allowed to enter.

15. On June 21, 2019, a request was made to the U.S. Department of state, for an explanation of the retention of Ms. Villafranca's U.S. passport. In response, a copy of the March 1, 2019, a consular officer issued a letter to Ms. Villafranca, at an address many years out of date, revoking Ms. Villafranca's U.S. passport and passport card, based on the existence of the Mexican birth certificate (not acknowledging the amendments) and the application for the border crossing card based on that birth certificate. Ms. Villafranca did not receive the letter as addressed. *See Exhibit A (sealed), Doc. 8.*

16. By revoking her passport without proper investigation and with no opportunity for Ms. Villafranca to answer any questions the Department of State had about her birth or birth certificate, or for a post revocation hearing, Ms. Villafranca was given no opportunity to challenge this action before or after it was taken. Instead, the revocation letter advised that her only option to challenge this decision was to proceed in federal court by filing an action under 8 U.S.C. §1503. Given that at the time of the alleged investigation, the corrections to the Mexican birth certificate and basis on which they were made were already an integral part of that birth certificate, the letter fails to explain why these amendments, and their basis, the court proceedings which led to same, were not considered by the U.S. Department of State.

### IV. CAUSES OF ACTION

## DECLARATORY JUDGMENT

18. Plaintiff incorporates by reference allegations 1 through 16.

19. Plaintiff has been denied rights and privileges claimed as a national of the United States within the meaning of 8 U.S.C. §1503(a) by virtue of the revocation of her United States Passport. Therefore, Plaintiff is entitled to bring a declaratory judgment action, seeking a declaration that she is, indeed, a United States Citizen, under 8 U.S.C. §1503(a).

## V.  PRAYER FOR RELIEF

WHEREFORE, it is respectfully requested that this Honorable Court:

1) issue a Declaratory Judgment, adjudging and declaring Ms. Villafranca to be a United States citizen;

2) grant such other and further relief as deemed appropriate and just by the Court, including an award of court costs and attorneys fees.

Respectfully Submitted,

s/ *Cathy J. Potter*

Cathy J. Potter, Attorney in Charge
Law Firm of Cathy J Potter PLLC
409 East Jackson Avenue
Harlingen, Texas 78550
Pennsylvania Bar 210071
Federal I.D.  1060322
(956) 622-3011 Telephone
(956) 622-3017 Fax
cpotter.atty@cathypotterlaw.com

## VERIFICATION

I, Cathy J. Potter, hereby certify that I am familiar with the Plaintiff's case and that the facts as stated with respect thereto, gathered from Plaintiff and those familiar with events, are true and correct to the best of my knowledge and belief.

*s/ Cathy J. Potter*